UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH CAROLINA

FLORENCE DIVISION

| | |
|---|---|
| Alqi Dhimo, | ) C/A/ No. 4:16-cv-833-RBH-TER |
| | ) |
| Plaintiff, | ) |
| | ) Report and Recommendation |
| vs. | ) |
| | ) |
| Horry County Solicitor's Office, | ) |
| Martin Spratlin Solicitor of Horry County | ) |
| Solicitor's Office, | ) |
| Defendant. | ) |

_____

Plaintiff, Alqi Dhimo ("Plaintiff"), proceeding *pro se* and *in forma pauperis,* brings this action pursuant to 42 U.S.C. § 1983. Pursuant to the provisions of U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), the undersigned United States Magistrate Judge is authorized to review such complaints for relief and to submit findings and recommendations to the District Court. After careful review, the undersigned recommends that Plaintiff's complaint be summarily dismissed, without prejudice and without service of process for the reasons stated below.

**PRO SE AND IN FORMA PAUPERIS REVIEW**

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915. The review has been conducted in light of the following precedents: *Neitzke v. Williams*, 490 U.S. 319, 324–25, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989); *Estelle v. Gamble*, 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976); *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972); and *Gordon v. Leeke*, 574 F.2d 1147 (4th Cir.1978). The Complaint herein has been filed pursuant to 28 U.S.C. § 1915,

which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2) (B). Hence, under 28 U.S.C. § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. *Neitzke*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338.

This Court is required to liberally construe *pro se* documents, *Estelle v. Gamble*, 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976), holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 5, 101 S.Ct. 173, 66 L.Ed.2d 163 (1980) (per curiam). Even under this less stringent standard, however, a *pro se* complaint is subject to summary dismissal. The mandated liberal construction afforded *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a complaint to "conjure up questions never squarely presented" to the court. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir.1985). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't. of Soc. Servs.*, 901 F.2d 387 (4th Cir.1990).

## BACKGROUND

On March 15, 2016, Plaintiff filed the instant action covering events dating back to 2014, all of which appear to arise out of his May 9, 2014 arrest on charges of Criminal Sexual Conduct of the

First Degree and Kidnapping which were dismissed on February 26, 2015[1]. (ECF No. 1-3 at 15-17). The record reflects that Plaintiff, who immigrated from Albania, was the owner of Atlantic Cab in Myrtle Beach, South Carolina and was arrested on May 9, 2014 for charges of Criminal Sexual Conduct of the First Degree and Kidnapping. (ECF Nos. 1 & 1-1 at 1-3 at 15-17). Plaintiff claims that due to his arrest, he was unable to run his business for eight months[2] causing him to lose substantial income until he received an order modifying his bond in December 2014. (ECF Nos. 1 & 1-3 at 12-13). With the bond modification, Plaintiff 's chauffer's license was returned such that he could run his business under the restriction that he was required to have a digital and audio recording device installed in his vehicle. (ECF No. 1-3 at 12). Plaintiff states that the restrictions placed upon him diminished his business. (ECF No. 1).

  The record reflects that on June 22, 2015 Plaintiff was arrested for Kidnapping and Criminal Sexual Conduct Third Degree and that the prosecuting attorney for this matter was Martin Spratlin who was also the prosecutor for Plaintiff's May 9, 2014 charges. (ECF No. 1 at 1). Plaintiff claims that following this arrest, he learned that the May 9, 2014 charges had been dismissed. (ECF No. 1). Plaintiff indicates that he contacted Michael Wells ("Wells"), who was the attorney Plaintiff had retained to represent him on these charges, to find out why Wells had failed to tell Plaintiff about the

---

[1] When Plaintiff filed this action on March 15, 2016, this matter was docketed listing only the Horry County Solicitor's Office as the Defendant. (ECF No. 1). The Clerk of Court generally dockets Defendants in a case exactly as Plaintiff lists them in the caption of the initial pleading. However, upon review of the Complaint form, Answers to Rule 26.01 Interrogatories, and Service documents, the Court has determined that Plaintiff intended to name both Martin Spratlin and the Horry County Solicitor's Office as Defendants. As such, the Clerk of Court was directed in a different order to correct the caption to reflect both Defendants.

[2] Following his arrest, Plaintiff was required to surrender his chauffer's license. (ECF No. 1-3 at 11).

dismissal of these charges. Plaintiff also stated that he wanted to ask Wells to seek money for charges that were dismissed. (ECF No. 1). Thereafter, Plaintiff indicated that he fired Wells and hired a new attorney.

On March 15, 2016, Plaintiff filed the instant action. In the complaint, he contends that Wells was in a conspiracy with Defendants to obtain money from him in exchange for dismissing the May 9, 2014 charges. As to the alleged conspiracy, Plaintiff asserts that "according to my ex-Lawyer", Plaintiff was told that for one hundred thousand dollars, Wells could get Plaintiff's May 9, 2014 criminal charges dismissed because Defendant Spratlin was Wells "best friend". (ECF No. 1-3 at 3). Plaintiff also contends that Defendant Horry County Solicitor's Office "secretly" with Wells dismissed the May 9, 2014 charges and that Plaintiff did not find out these charges had been dismissed until his subsequent arrest for criminal sexual conduct third degree and kidnapping. (ECF Nos. 1-3 at 2).

Plaintiff also appears to accuse the Defendant Spratlin of misconduct as he states that he is: "dirty, corrupted and noprofessional his job, liar for each time I listen this solicitor he abuse this my Right with my dicrimination race ethnic and country where I from". (ECF No. 1). Plaintiff seeks monetary damages as well as an order from this Court that directs the Horry County Solicitor's Office to drop any case against Plaintiff; to clear Plaintiff's name; to issue a public apology to Plaintiff and his family, and to be released to work.

## DISCUSSION

Plaintiff's claims against Defendants are subject to dismissal. Given that Defendant Horry County Solicitor's Office is either a building or a facility, it is not amenable to suit pursuant to § 1983. *See Allison v. Cal. Adult Auth.*, *419 F.2d 822, 823 (9th Cir.1969) (*California Adult Authority

and San Quentin Prison not "persons" subject to suit under 42 U.S.C. § 1983); *Brooks v. Pembroke City Jail*, 722 F.Supp. 1294, 1301 (E.D.N.C.1989) ("Claims under § 1983 are directed at 'persons' and the jail is not a person amenable to suit."); *see also Cave v. Morgan*, Civ. A. No. 0:09–56–HFF–PJG, 2009 WL 982196, at *3 (D.S.C. Apr.9, 2009) ("The 'Aiken County Second Circuit Solicitor's Office' is not a 'person' within the meaning of § 1983.").

As to Defendant Spratlin, this action is subject to dismissal because it seeks monetary relief from a defendant who is immune from such relief. *See* Title 28 U.S.C. § 1915(e)(2). In South Carolina, regional prosecutors are called Solicitors and Assistant Solicitors. Solicitors are elected by voters of a judicial circuit. *See* S.C. Const. art. V, § 24; and S.C. Code Ann. § 1-7-310. Prosecutors, including Defendant Spratlin, have absolute immunity for activities performed as "an officer of the court" where the conduct at issue was closely associated with the judicial phase of the criminal process. *See Van de Kamp v. Goldstein*, 555 U.S. 335, 341–45 (2009). For example, when a prosecutor "prepares to initiate a judicial proceeding", "appears in court to present evidence in support of a search warrant application," or conducts a criminal trial, bond hearings, grand jury proceedings, and pre-trial "motions" hearings, absolute immunity applies. *Id.*; *see also Buckley v. Fitzsimmons*, 509 U.S. 259 (1993). Although Plaintiff offers allegations of conspiracy and misconduct against Defendant Spratlin, Plaintiff fails to plausibly assert that he acted outside the scope of duty, and provides no concrete facts to show that he came to any mutual understanding, or acted jointly to deprive Plaintiff of any constitutional right. Thus, Plaintiff's claims against Defendants Spratlin is barred by absolute prosecutorial immunity and subject to summary dismissal. *See Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) (absolute immunity "is an immunity from suit rather than a mere defense to liability"). Plaintiffs allegations fail to state a claim for relief and also

lack any basis in fact or in law and are frivolous.

### Relief Requested

Finally, Plaintiff seeks *inter alia* monetary damages and an order requiring the Horry County Solicitor's Office–to drop any case against Plaintiff; to issue a public apology, and to clear Plaintiff's name. (ECF No. 1-3 at 4). To the extent that Plaintiff requests injunctive and/or declaratory relief from this Court against Defendants, this case is barred by the doctrine established by *Younger v. Harris*, 401 U.S. 37 (1971) and its progeny. *Younger* and other cases hold that, absent extraordinary circumstances, federal courts are not authorized to interfere with a state's pending criminal proceedings. *See, e.g., Younger*, 401 U.S. at 44; *Nivens v. Gilchrist*, 319 F.3d 151, 154-55 (4th Cir. 2003); *Cinema Blue of Charlotte, Inc. v. Gilchrist*, 887 F.2d 49, 50-53 (4th Cir. 1989).

In *Cinema Blue of Charlotte, Inc. v. Gilchrist*, the United States Court of Appeals for the Fourth Circuit ruled that federal district courts should abstain from constitutional challenges to state judicial proceedings, no matter how meritorious, if the federal claims have been or could be presented in an ongoing state judicial proceeding. 887 F.2d at 52. Moreover, the Anti-Injunction Act, 28 U.S.C. § 2283, expressly prohibits this court from enjoining such proceedings. *Bonner v. Circuit Ct. of St. Louis*, 526 F.2d 1331, 1336 (8th Cir. 1975). In *Bonner*, the United States Court of Appeals for the Eighth Circuit pointed out that federal constitutional claims are cognizable in both state courts and in federal courts: "Congress and the federal courts have consistently recognized that federal courts should permit state courts to try state cases, and that, where constitutional issues arise, state court judges are fully competent to handle them subject to Supreme Court review." *Id.*; *see also D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 476, 103 S.Ct. 1303, 75 L.Ed.2d 206, (1983) (federal courts cannot review state court proceedings in an appellate sense). To grant the injunctive

relief Plaintiff seeks: requiring the Horry County Solicitor's Office to drop any case against Plaintiff, this Court would be required to enjoin the state prosecution, and, as stated above, this is not something we can do under *Younger*, *Cinema Blue*, and *Bonner*.

To the extent Plaintiff asks this Court to order Defendants to take certain actions in Plaintiff's criminal case(s), his request is equivalent to seeking a writ of mandamus against a governmental officer or body. *See* Black's Law Dictionary (8th ed. 2004) (mandamus: "A writ issued by a superior court to compel a lower court or a government officer to perform mandatory or purely ministerial duties correctly.") Circuit precedents teach that a writ of mandamus is a drastic remedy. The writ of mandamus is infrequently used by federal courts, and its use is usually limited to cases where a federal court is acting in aid of its own jurisdiction. *See* 28 U.S.C. § 1361; *Gurley v. Superior Ct. of Mecklenburg County*, 411 F.2d 586, 587–88 (federal courts may not issue writs of mandamus against state courts). A federal district court may issue a writ of mandamus only against an employee or official of the *United States. Moye v. Clerk*, DeKalb County Sup. Court, 474 F.2d 1275, 1275–76 (5th Cir.1973) (federal courts do not have original jurisdiction over mandamus actions to compel an officer or employee of a state to perform a duty owed to the petitioner); *see also In re Campbell*, 264 F.3d 730, 731 (7th Cir.2001) (same; collecting cases); *In re Carr*, 803 F.2d 1180, 1180 (4th Cir. Oct 24, 1986) (unpublished opinion) (same). In *Davis v. Lansing*, the court ruled that "[t]he federal courts have no general power to compel action by state officials[.]" 851 F.2d at 74; *see also Craigo v. Hey*, 624 F.Supp. 414 (S.D.W.Va.1985). In *Craigo*, the district court concluded that the petition for a writ of mandamus was frivolous within the meaning of 28 U.S.C. § 1915, and, therefore, was subject to summary dismissal. *See Craigo*, 624 F.Supp. at 414. As noted in the cited authority, this Court does not have jurisdiction to order Defendants to do anything, including expunging a criminal

7

conviction from someone's record or giving a public apology. The court is without jurisdiction to grant such relief.

## **CONCLUSION**

Accordingly, for the reasons set forth above, it is recommended that the Complaint be dismissed without prejudice and without issuance and service of process.

IT IS SO RECOMMENDED.

 s/Thomas E. Rogers, III

Thomas E. Rogers
United States Magistrate Judge

June 16, 2016
Florence, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

Plaintiff is advised that he may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk of Court
> United States District Court
> Post Office Box 2317
> Florence, South Carolina 29503

Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed2d 435 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).