UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Alqi Dhimo, | ) | Civil Action No.: 4:16-CV-833-RBH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Horry County Solicitor's Office, Martin Spratlin Solicitor of Horry County Solicitor's Office, | ) ) ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff Alqi Dhimo, proceeding *pro se*, brought this action pursuant to 42 U.S.C. § 1983 against the Horry County Solicitor's Office and Martin Spratlin, the Solicitor of Horry County. [ECF #1]. Plaintiff alleges that Defendants violated his rights by engaging in misconduct related to criminal proceedings brought in 2014 and 2015.

This matter is before this Court with the Report and Recommendation [ECF #15] of Magistrate Judge Thomas E. Rogers, III filed on June 6, 2016. This matter was referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2)(e). The Magistrate Judge recommends that the case be dismissed without prejudice. Plaintiff timely filed objections [ECF #18] to the Magistrate Judge's Report and Recommendation (the "R&R").

**Standard of Review**

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court is charged with making a *de novo*

1

determination of those portions of the report and recommendation to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions.  28 U.S.C. § 636(b)(1).  Because Plaintiff is a *pro se* litigant, his pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89 (2007) (per curiam).

The right to *de novo* review may be waived by the failure to file timely objections.  *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).  The district court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's report to which objections have been filed.  *Id*.  However, the Court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate's proposed findings and recommendations." *Id.*  In the absence of specific objections to the R & R, the Court reviews only for clear error,  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005), and the Court need not give any explanation for adopting the Magistrate Judge's recommendation.  *Camby v. Davis*, 718 F.2d 198, 199-200 (4th Cir. 1983).

**Discussion**

On March 15, 2016, Plaintiff filed this lawsuit against the Horry County Solicitor's Office and Martin Spratlin, Solicitor of Horry County. [ECF #1].  In his complaint, Plaintiff alleges that he was arrested on May 9, 2014 and charged with Criminal Sexual Conduct of the First Degree and Kidnapping. [ECF #1; ECF #1-3, p. 2].  Plaintiff alleges these charges were dismissed on February 26, 2015. [ECF #1; ECF #1-3, p. 2].  Plaintiff alleges he was arrested again on June 22, 2015 for Kidnapping and Criminal Sexual Conduct of the Third Degree. [ECF #1, ECF #1-3, p. 2].  Plaintiff does

2

not indicate that the charges related to this arrest have been dismissed or otherwise disposed of in state court. Rather, Plaintiff requests this Court order Horry County to drop any pending charges against him, and a review of the Horry County Public Index online does not otherwise reflect that the charges have been dismissed. Plaintiff Plaintiff asserts that Defendant Martin Spratlin is the prosecutor for both of these cases. [ECF #1].

In his complaint, Plaintiff contends that he immigrated from Albania and was the owner of a cab company in Myrtle Beach, South Carolina, until he was arrested and unable to run his business for several months, thereby resulting in the loss of substantial income. [ECF #1]. Once he obtained a bond modification and got back his chauffer's license, Plaintiff was still required to install a digital and audio recording device in his vehicle, which he contends interfered with his business. [ECF #1]. Plaintiff asserts that he hired attorney Michael Wells to defend him against the initial criminal charges stemming from his May 2014 arrest. [ECF #1]. Plaintiff believes that Mr. Wells and Defendant Spratlin were in a conspiracy together to obtain money from him in exchange for the dismissal of dubious charges. [ECF #1]. Plaintiff also generally accuses Defendant Spratlin of misconduct by alleging Defendant Spratlin is "dirty, corrupted and noprofessional his job, liar." [ECF #1]. Plaintiff seeks "moral, material, and financial damages," including an order from the Court directing the Horry County Solicitor's Office to drop any cases against Plaintiff and to clean Plaintiff's name, a public apology, a release to work, and $100,000 in damages. [ECF #1; ECF #1-3, p. 4].

The Magistrate Judge recommends summary dismissal of Plaintiff's complaint. The Magistrate Judge explains that Defendant Horry County Solicitor's Office is not amenable to suit because it is not a "person" under 42 U.S.C. § 1983. [ECF #15, pp. 4-5]. The Supreme Court has held that a local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents.

3

*Monell v. Dep't of Social Services of City of NY*, 436 U.S. 658, 693 (1978); *see also Brooks v. Pembroke City Jail*, 722 F. Supp. 1294, 1301 (E.D.N.C. 1989); *Rhodes v. Seventh Circuit Solicitor's Office*, No. 9:09-1863-JFA-BM, 2009 WL 2588487, at *1 (D.S.C. Aug. 19, 2009) ("the Spartanburg County Public Defenders Office and Seventh Circuit Solicitors Office are not "persons" within the meaning of § 1983 and should be dismissed").

With respect to Defendant Spratlin, the Magistrate Judge recommends dismissal because he enjoys absolute immunity for activities performed "as an officer of the court" where the conduct at issue was closely associated with the judicial phase of the criminal process. *See Van de Kamp v. Goldstein*, 555 U.S. 335, 341-45 (2009). [ECF #15, p. 5]. In *Carter v. Burch*, the Fourth Circuit Court of Appeals further explained the difference in immunity afforded prosecutors based on the functions performed. 34 F.3d 257, 261-262 (4th Cir. 1994) (explaining that absolute prosecutorial immunity exists when it involves activities associated with the judicial phase of the criminal process, whereas qualified immunity is granted when it involves duties not associated with the judicial process). The Magistrate Judge concludes that even though Plaintiff makes allegations of conspiracy and misconduct on the part of Defendant Spratlin, Plaintiff does not assert that Defendant Spratlin acted outside the scope of his duty, and Plaintiff does not provide any concrete facts to suggest he acted in concert with anybody to deprive Plaintiff of a constitutional right. [ECF #15, p. 5]. *See generally Washington v. Wilson*, No. 4:14-cv-416-RBH, 2014 WL 4792120, (D.S.C. Sept. 24, 2014) (granting a motion to dismiss filed by a defendant prosecutor and her supervisors dismissing a vindictive prosecution claim, finding that the conduct complained of related to alleged prosecutorial errors committed during trial).

Subsequent to the filing of the R&R, Plaintiff filed a document titled "Statement of Lawsuit to Horry County Solicitor Office and Martin Spratlin Solicitor." [ECF #18]. This document is construed

to be Plaintiff's timely objections. [ECF #18]. Plaintiff's objections do not point to any specific error in the Magistrate Judge's reasoning or findings. Instead, the vast majority of Plaintiff's "objections" consist of a rehashing of his initial complaint. For example, he again alleges Defendant Spratlin "secretly" dismissed his case. [ECF #18, p. 2]. He also alleges that Defendant Spratlin worked in concert with his ex-lawyer to put him in jail. [ECF #18, p. 3]. He also lodges general negative allegations against the alleged victims related to his prior arrests. [ECF #18, p. 4]. Plaintiff implies that due to the stress of the allegations, he was hospitalized. [ECF #18, p. 6]. Plaintiff further reiterates the damages he seeks in this case. [ECF #18, p. 7]. Among other damages, Plaintiff requests this Court help him "clean his name and record." [ECF #18, p. 7]. To the extent Plaintiff seeks to have the charges currently pending against him dropped by a proceeding initiated in this Court, *Younger* abstention bars such action. Absent extraordinary circumstances, federal courts may not enjoin state criminal proceedings. *Younger v. Harris*, 401 U.S. 37, 45 (1971); *see also Martin v. Stewart*, 499 F.3d 360, 363-364 (4th Cir. 2007) ("*Younger v. Harris* permits federal courts to abstain from hearing cases that would interfere with a pending state criminal proceeding").

Otherwise, Plaintiff does not cite to any legal authority or case law, nor does he make any legal arguments objecting to the Magistrate Judge's recommendation of summary dismissal of either Defendant. The Court's review of the R & R reveals no clear error in its analysis of summary dismissal of either Defendant. *See Diamond*, 416 F.3d at 315 (stating a district court need only review the magistrate judge's R & R for clear error in the absence of specific objections).

Although *de novo* review is not required in light of Plaintiff's nonspecific objections, the Court has nonetheless exercised its discretion and conducted a *de novo* review of the R & R. Having done so, the Court finds no error in the Magistrate Judge's disposition of Plaintiff's claims and sees no reason

5

to repeat his detailed analysis here. The Court agrees with the Magistrate Judge that Plaintiff is not entitled to the requested relief based upon the pleadings and record before it. Accordingly, the Court overrules Plaintiff's objections and adopts and incorporates the Magistrate Judge's R & R by reference.

## Conclusion

For the reasons stated above and by the Magistrate Judge, the Court overrules Plaintiff's objections and adopts and incorporates the Report and Recommendation of the Magistrate Judge herein by reference. [ECF #15]. Plaintiff's complaint [ECF #1] is hereby **DISMISSED without prejudice and without issuance and service of process.**

**IT IS SO ORDERED**.

July 25, 2016                                                                              s/ R. Bryan Harwell
Florence, South Carolina                                                      R. Bryan Harwell
                                                                                                   United States District Judge