UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Alqi Dhimo, ) | Civil Action No.: 4:16-CV-833-RBH |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Horry County Solicitor's Office, Martin ) | |
| Spratlin Solicitor of Horry County ) | |
| Solicitor's Office, ) | |
| ) | |
| Defendants. ) | |

Plaintiff Alqi Dhimo, proceeding *pro se*, filed a Motion for Reconsideration on August 9, 2017. [ECF #24]. Plaintiff requests this Court reconsider its previous ruling in its Order dated July 25, 2016, adopting the recommendation of the Magistrate Judge and dismissing Plaintiff's case without prejudice and without issuance and service of process. [ECF #21]. The Court now considers the Plaintiff's Motion for Reconsideration. All parties have had the opportunity to respond, and this Court has thoroughly considered all the filings in this case.[1] This Court now issues the following ruling.

**Background**

Plaintiff brought this action pursuant to 42 U.S.C. § 1983 against the Horry County Solicitor's Office and Martin Spratlin, the Solicitor of Horry County. [ECF #1]. Plaintiff alleges that Defendants violated his rights by engaging in misconduct related to criminal proceedings

---

[1] Under Local Civil Rule 7.09 (D.S.C.), "hearings on motions may be ordered by the Court in its discretion. Unless so ordered, motions may be determined without a hearing." Upon review of the briefs, the Court finds that a hearing is not necessary.

brought in 2014 and 2015. This matter is before the Court to consider Plaintiff's Motion for Reconsideration filed on August 19, 2017. [ECF #24]. Within his Motion, Plaintiff argues that Horry County Solicitor Mary-Ellen Walter is threatening his family and seeking revenge against him for filing this federal lawsuit. Specifically, Plaintiff alleges that the solicitor is threatening to re-open a state criminal case that he states was previously dismissed, and Plaintiff states that he believes these threats are about money and abuse of power. [ECF #24, pp. 2-3]. Plaintiff also alleges within his Motion that the named Defendant Martin Spratlin is no longer at the solicitor's office, but that Ms. Walter is now threatening him. [ECF #24, p. 3].

## Discussion

Rule 59(e) of the Federal Rules of Civil Procedure governs motions seeking to alter or amend a judgment. Motions to alter or amend under Rule 59 are not to be made lightly. 12 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 59.30[4] (3d ed.). The Fourth Circuit has held that such a motion should be granted for one of three reasons: (1) to follow an intervening change in controlling law; (2) on account of new evidence; or (3) to correct a clear error of law or prevent manifest injustice. *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993). This Court entered its order and judgment on July 25, 2016.[2] Rule 59 also governs the time for filing a motion to alter or amend a judgment. According to Rule 59(e), the motion must

---

[2] The Fourth Circuit has held that an order dismissing a complaint without prejudice is generally not appealable unless the grounds for dismissal make clear that the defects in the plaintiff's case cannot be cured by simply amending the complaint. *Domino Sugar Corp. v. Sugar Workers Local Union 392*, 10 F.3d 1064, 1067 (4th Cir. 1993). If however, it appears that the plaintiff is unable to amend the complaint, then the ruling would be considered a final order and this court could consider a motion to reconsider its order. *Id.* (citing *Coniston Corp. v. Village of Hoffman Estates*, 844 F.2d 461, 463 (7th Cir. 1988)). This Court dismissed the complaint without prejudice and without issuance of service of process based upon the fact that the defendants were not amenable to suit.

2

be filed no later than 28 days after entry of the judgment. Here, the Plaintiff has waited well over a year before filing this Motion for Reconsideration. Accordingly, under Rule 59, this Motion for Reconsideration is time-barred.[3]

This Court has also considered whether Plaintiff has made a proper showing under Rule 60 of the Federal Rules of Civil Procedure, which governs relief from a judgment or order. Rule 60 of the Federal Rules of Civil Procedure provides that the court may relieve a party from a final judgment, order or proceeding on one of the following grounds:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud, misrepresentation, or misconduct by the opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; or (6) any other reason that justifies relief.

FED. R. CIV. P. 60(b). Further, Rule 60(c)(1) provides that the first three listed reasons must be made no more than a year after the entry of the judgment or order. As previously stated, Plaintiff filed his motion more than a year after entry of the order and judgment. Under Rule 60(c)(1), the other listed reasons must be made within a "reasonable time." Assuming that this motion was filed within a reasonable time, this Court's review of the motion does not provide a basis for finding that the judgment was void, has been satisfied, or otherwise makes a showing that would justify relief. Accordingly, because Plaintiff has not provided a basis for relief under either Rule 59 or Rule 60, this Court denies the Motion for Reconsideration.

---

[3] Within his filing, Plaintiff has also not alleged a change in controlling law or new evidence, or otherwise requested this Court correct a clear error or prevent manifest injustice. Thus, Plaintiff has also not set forth an adequate basis for relief under Rule 59.

3

**Conclusion**

The Court has thoroughly reviewed the entire record, including the most recent filing in this case. For the reasons stated above, this Court **DENIES** Plaintiff's Motion for Reconsideration. [ECF #24].

**IT IS SO ORDERED.**

Florence, South Carolina  
September 19, 2017

s/ R. Bryan Harwell  
R. Bryan Harwell  
United States District Judge